## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

### SEPTEMBER SESSION, 1999



FILED

**December 27, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

WILLIAM RAY RHODES,      *
                         *
      Appellant,         *      No. W1999-01677-CCA-R3-PC
                         *
vs.                      *      HENRY COUNTY
                         *
STATE OF TENNESSEE,      *      Hon. C. CREED MCGINLEY, Judge
                         *
      Appellee.          *      (Post-Conviction)


For the Appellant:

**Lionel R. Barrett, Jr.**
Attorney at Law
207 Third Avenue, North - Third Fl.
Post Office Box 190599
Nashville, TN 37219-0599

and

**Peter D. Heil**
Attorney at Law
810 Broadway, Suite 203
Nashville, TN 37203


For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Peter M. Coughlan**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493


**G. Robert Radford**
District Attorney General

**Steve Garrett**
Asst. District Attorney General
24th Judicial District
Post Office Box 686
Huntingdon, TN 38344


OPINION FILED: _____

AFFIRMED


**David G. Hayes,** Judge

## OPINION

The appellant, William Ray Rhodes, appeals the dismissal of his petition for post-conviction relief by the Circuit Court of Henry County. The appellant was convicted by a jury of second degree murder and received a sentence of twenty-five years.[1] His conviction was affirmed on direct appeal to this court. See State v. William Ray Rhodes, No. 02C01-9406-CC-00124 (Tenn. Crim. App. at Jackson, July 19, 1995). In this appeal of right, the single issue presented for our review is whether the appellant was denied the effective assistance of counsel at trial. After review, we affirm.

On appeal, the appellant alleges as grounds for ineffectiveness trial counsel's failure (1) to properly impeach the testimony of Chasity Davidson regarding her ability to physically view, through a bathroom window, the appellant beating the victim; (2) to present character witnesses at the sentencing hearing; and (3) to investigate the ex-husband of the victim and call him as a witness.

We evaluate Sixth Amendment claims of ineffective assistance of counsel according to the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). A defendant receives ineffective assistance where the facts reveal both (1) that counsel's performance was deficient and (2) that the deficient performance so prejudiced defendant as to deprive him of a fair trial. Id. at 687, 104 S.Ct. at 2064. With respect to deficient performance, the appellant must show that counsel's representation fell below the range of competence demanded of attorneys in criminal cases, and, that, but for these errors, the result of the proceeding would have been different. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). If the defendant fails to establish deficient performance, we need not consider prejudice. Strickland, 466 U.S. at 697, 104 S.Ct. at 2069.

In post-conviction proceedings, the appellant must prove the allegations

---

[1]The appellant's conviction stems from the 1992 murder of his live-in girlfriend at the residence which they shared. Because she was intoxicated, the appellant banished the victim to a space underneath the residence for the night. During the night, the victim's daughter, Chasity Davidson, observed the appellant beating the victim about her head, kicking her in the stomach and leaving her exposed to the 26 degree temperature outside. The autopsy revealed numerous abrasions and contusions over her body with cause of death as hypothermia.

contained in the petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1995). Moreover, the findings of fact of a trial court have the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against its judgment. Davis v. State, 912 S.W.2d 689, 697 (Tenn. 1995). This court may not reweigh or reevaluate the evidence or substitute its inferences for those drawn by the post-conviction court. Questions concerning credibility of witnesses and the weight and value to be given their testimony are for resolution by the post-conviction court. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

The proof at the post-conviction hearing consisted solely of the testimony of the appellant and his trial counsel. At the hearing, trial counsel testified that he was surprised at the trial testimony of nine year old Chasity Davidson, the daughter of the victim. At trial, Chasity testified that she witnessed from the bathroom window, the appellant beating her mother on the deck outside the house. In a prior statement, Chasity had not mentioned the bathroom window. Trial counsel testified that, had he known the importance of the measurements inside the bathroom, he would have had those pictures taken. Prior to trial, counsel hired a professional photographer to photograph various areas of the crime scene. Although the photographs contained a picture of the bathroom window from the outside, no photographs were taken to demonstrate the height of the inside bathroom window comparative to the height of the child. At trial, counsel cross-examined Chasity regarding her ability to see outside the bathroom window. Moreover, counsel had the appellant testify and demonstrate the height of the bathroom window in order to show the child's inability to view anything outside the window. Counsel also utilized the other photographs and argued to the jury Chasity's inability to see outside the window. Proof at the post-conviction hearing established that the bathtub was located directly below the window. Counsel testified that, at trial, he proceeded with caution in his cross-examination of Chasity because he was aware of the bathtub's location and was fearful that she would have testified that she climbed onto the bathtub to look outside after hearing the commotion.

Regarding Chasity Davidson's trial testimony, the post-conviction court found that "this identical issue, albeit without exact measurements was fairly raised by the petitioner's own testimony at trial and was vigorously argued to the jury during

3

closing argument." The post-conviction court further found,

> Indeed the credibility of this particular witness was argued throughout counsel's closing argument. . . . Counsel took every opportunity to try to destroy the credibility of this witness, including the filling [sic] of a prior inconsistent statement made to a police officer. Counsel was vigorous in his cross-examination of this witness and in no way could the petitioner's assertion of ineffective assistance of counsel on this ground be supported.

The appellant argues that the post-conviction court ignored the fact that had the inside bathroom measurements been taken by counsel, that the trial court could have declared Chasity's testimony a "physical impossibility" and "incredible as a matter of law" under the physical facts rule. Therefore, he argues that had this evidence been introduced, the jury would have been instructed to disregard the entire testimony of Chasity, thus, forcing the jury to render a verdict of criminally negligent homicide. We find the appellant's argument unpersuasive. While we recognize the physical facts rule allows a court to disregard the testimony of witnesses unable to be reconciled with the physical evidence, see State v. Hornsby, 858 S.W.2d 892, 894-895 (Tenn. 1993), this case does not present us with this issue. In order for a court to disregard the challenged testimony, the physical facts must be "well-established and universally recognized physical laws." Nelms v. Tennessee Farmers Mut. Ins. Co., 613 S.W.2d 481, 483 (Tenn. App. 1978). However, in the present case, we are prevented from applying the physical facts rule because its application would be dependent upon assumptions of whether the witness stood on the bathtub or some other apparatus enabling her to view the beating. See Waller v. Morgan, 133 S.W.2d 614, 616 (Tenn. App. 1939). Thus, the physical facts rule is inapplicable to the facts of this case.

Moreover, in post-conviction proceedings, we should defer to trial strategy or tactical choices if they are informed ones based upon adequate preparation. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Trial counsel testified at the post-conviction hearing that

> [he] tried to cross examine her [and] get out of her a few of the physical facts that [he] could argue to the jury . . . that's impossible because of the height . . . [S]he did leave out a few things. And I . . . hoped she kept them left out so that I could argue to the jury, well, she didn't say anything about getting up on the bathtub or she didn't say anything about some of these things. . . . And what she'd already done to us, I was very much concerned that anything I asked her and I didn't know the answer to I was going to get clobbered worse.

4

Additionally, Chasity's testimony corroborated much of the physical evidence. The victim exhibited multiple bruises and injuries that the expert testified were the result of several blows to the face. Chasity testified at trial that during the beating, her mother was clad only in her bra and panties. Although medical personnel discovered the victim's body crudely clothed in unzipped blue jeans and a t-shirt, the expert testified that many of the abrasions would not have occurred had the victim been clothed.

In his final two contentions of deficient performance, the appellant argues that trial counsel was ineffective because he failed to call several character witnesses at the sentencing hearing and that counsel was deficient in investigating the victim's ex-husband and failure to call him as a witness. The post-conviction court found that

> Counsel . . . did not want the issue of character injected into the trial or sentencing because his investigation revealed that the defendant had a pattern of domestic violence directed at previous spouses. . . . [H]is investigation had revealed that the State was aware of the defendant's character for violence and would not hesitate to call witnesses to demonstrate the defendant's character for violence, if the matter were placed in issue. Counsel's election to not call character witnesses in view of this cannot be seriously questioned. The evidence was overwhelming as it was and would have been compounded by the testimony of one or more ex-spouses who testified to a pattern of domestic violence.
> . . .
> [T]rial counsel's investigation appears to be extremely thorough . . . . Significant independent investigation was made including the hiring of a professional photographer for the purpose of acquiring demonstrative evidence in support of the defendant's theory. Clearly, trial counsel pursued every possible lead in the defense of his client . . . . The petitioner seems much aggrieved that trial counsel did not interview an ex-husband of the victim that he claims had fired gun shots on earlier occasions at the victim. There is absolutely nothing in the record that would support the involvement of any third party as a perpetrator.

The record does not preponderate against these findings.

After review, we find counsel's representation reasonable under prevailing professional norms. In sum, we find appellant's allegations of deficient performance without merit. The record establishes that appellant's counsel was an experienced trial attorney and was acutely aware of the strategies and tactics to be utilized in criminal proceedings. We avoid the "distorting effects of hindsight" and defer to trial strategy or tactical choices if they are informed ones.

Finding no error of law, the judgment of the post-conviction court is affirmed.

_____
DAVID G HAYES, Judge


CONCUR:


_____
JOE G. RILEY, Judge


_____
THOMAS T. WOODALL, Judge